Sharon D. Cousineau
Samwel, Cousineau & Shea PC
700 West Evergreen Boulevard
Vancouver, WA 98660
360-750-3789 (tel)
360-750-3788 (fax)
sdcousineau@gmail.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **WADE RUCH,** | Case No.: |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| **DISH NETWORK L.L.C.,** | |
| **Defendant.** | |

## COMPLAINT

WADE RUCH, by his attorneys, alleges the following against DISH NETWORK L.L.C., (Defendant):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* (TCPA).

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to *28 U.S.C. 1331*.

3.      Defendant conducts business in the State of Oregon establishing personal jurisdiction.

Complaint – page 1

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Bend, Deschutes County, Oregon.

6. Defendant is a business entity with an office located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. In or around September of 2011, Defendant began contacting Plaintiff on his cellular telephone at telephone number (337) 375-66xx, for which Plaintiff incurs a charge for incoming telephone calls.

9. Defendant's calls to Plaintiff's cellular telephone were made in its attempts to collect an alleged outstanding debt owed or allegedly owed by a "Jeremy Hazlit."

10. Plaintiff is not Jeremy Hazlit, has never gone by the name, Jeremy Hazlit, and does not know Jeremy Hazlit.

11. When Defendant called Plaintiff, it called from telephone numbers (866) 668-8047, (888) 337-3474 and (888) 846-7995.

12. All of Defendant's calls to Plaintiff were placed using an automatic telephone dialing system.

13. Plaintiff received calls from Defendant, telephone number (866) 668-8047, using an automatic telephone dialing system on his cellular telephone starting September 18, 2011.

14. Plaintiff received telephone calls from Defendant, which were placed using an automatic telephone dialing system, on:

Complaint – page 2

       1) January 20, 2012 (telephone number (866) 337-3474);

       2) January 25, 2012 (telephone number (866) 337-3474);

       3) January 27, 2012 (telephone number (866) 337-3474);

       4) January 30, 2012 (telephone number (866) 337-3474); and

       5) January 31, 2012 (telephone number (866) 337-3474).

15. On or about February 20, 2012, Plaintiff called Defendant at telephone number (866) 263-1911, which is a telephone numbers assigned to Defendant that called Plaintiff using an automatic telephone dialing system.

16. During the February 20 conversation, Plaintiff informed Defendant that he is not Jeremy Hazlit and specifically instructed Defendant to stop calling his telephone number.

17. However, Defendant continued to call Plaintiff using an automatic telephone dialing system on multiple occasions after February 20, 2012 including, but not limited to:

       1) May 29, 2012 (telephone number (866) 846-7995);

       2) May 30, 2012 (telephone number (866) 846-7995);

       3) June 8, 2012 (telephone number (866) 668-8047);

       4) August 1, 2012 (telephone number (866) 668-8047);

       5) September 10, 2012 (telephone number (866) 668-8047);

       6) September 18, 2012 (telephone number (866) 668-8047);

       7) October 29, 2012 (telephone number (866) 668-8047);

       8) October 31, 2012 (telephone number (866) 668-8047);

       9) October 31, 2012 (telephone number (866) 668-8047);

       10) October 31, 2012 (telephone number (866) 668-8047);

       11) October 31, 2012 (telephone number (866) 668-8047); and

        12) November 1, 2012 (telephone number (866) 668-8047).

    18.    Plaintiff is not a customer of Defendant's services, has no business relationship or personal business dealings with Defendant, and has never provided Defendant with any personal information including his cellular telephone number.

    19.    Plaintiff never provided Defendant with his consent, explicit or implied, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

    20.    Plaintiff incorporates by reference the forgoing Paragraphs 1-19.

    21.    Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to *47 U.S.C. § 227(b)(3)(B)*.

    22.    Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

    WHEREFORE, Plaintiff, WADE RUCH, respectfully requests judgment be entered against Defendant, DISH NETWORK L.L.C., for the following:

    23.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

    24.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

    25.    All court costs, witness fees and other fees incurred; and

    26.    Any other relief that this Honorable Court deems appropriate.

Date: March 19, 2013        RESPECTFULLY SUBMITTED,

                By: /s/ Sharon Cousineau  
                Sharon Cousineau  
                OSB No. 011637  
                Ph: (971) 207-5140  
                Attorney for Plaintiff